# Supreme Court of the Navajo Nation

**Roy Owens, Irene Livingston,
Jacob Livingston, Rose P. Cody, Susie Francisco,
Alfred Owens, and Ellison Davis,
Petitioners,
v.
Honorable Allen Sloan,
Judge of the Window Rock District Court,
Respondent.
Decided July 9, 1996**

## OPINION

Before YAZZIE, Chief Justice, AUSTIN and CADMAN, Associate Justices.

Leonard Tsosie, Esq., Window Rock, Navajo Nation (Arizona), for the Petitioners.

Opinion delivered by AUSTIN, Associate Justice.

The issue in this case is whether individual parties have standing to assert the Navajo Nation's defense of immunity from suit. We hold that they do not.

### I

In March 1992, the Petitioners prepared a range management plan for their customary use areas. The plan then underwent a series of approvals: the District 17 Grazing Committee approved it in October 1992; the Resources Committee of the Navajo Nation Council approved it in June 1994; and the agency superintendent for the Bureau of Indian Affairs approved it in September 1994.

Meanwhile, on August 15, 1994, an employee with the Navajo Nation's Agriculture Department sent a letter to the Chairman of the Resources Committee informing him that he had received a notice from an individual who was protesting the approvals of the Petitioners' range management plan. On August 18, 1995, the individual who sent the letter, along with other individuals, filed suit against the Navajo Nation and the Petitioners in the Window Rock District Court. They alleged that they were denied due process by the grazing and resources committees and this denial resulted in an infringement upon their customary use rights. Further, they asked for declaratory relief against the two committees and injunctive relief against the Petitioners.

The Navajo Nation moved to dismiss alleging it was immune from suit. This motion was denied. The Petitioners' motion to dismiss was also denied.

On June 4, 1996, the Petitioners filed this petition challenging the district court's jurisdiction over the matter. The Navajo Nation is not a party to this petition. The Petitioners allege, in part, that the district court does not have jurisdiction because (1) the complaint against them and the Navajo Nation was not filed in accordance with the Navajo Nation Sovereign Immunity Act ("Act"); (2) the Act prohibits suits against the grazing and resources committees; and (3) the Act only allows suits against individual officers, and not the Navajo Nation, or its committees, for the purpose of compelling them to do duties.

On June 6, 1996, we denied the requested relief and the Petitioners filed a petition for reconsideration of that order. The Navajo Nation is not a party to the petition for reconsideration. For the reasons stated below, we deny the petitions for writ of prohibition and superintending control and for reconsideration.

## II

The Petitioners lack standing to raise sovereign immunity issues before this Court and before the district court. Standing is a threshold consideration in determining the propriety of judicial intervention in any matter. Under the standing doctrine, a court conducts a fact-based analysis of the case before it and considers whether it is appropriate to make a decision in the case. Among this Court's considerations, we must determine whether the party seeking judicial relief is a party that can seek the relief he asks for. That is, we ask whether this party is the proper one to raise these issues. In the process, the Court must be careful not to allow a litigant to assert the other party's legal rights and to rest his claim to relief on the other party's legal rights. Such "third-party standing" is strongly discouraged.

In this case, the Petitioners lack standing because they are not the appropriate party to raise sovereign immunity issues. In trying to raise these issues, the Petitioners neither assert their own legal rights nor do they rest their claim to relief on their own legal rights. Instead, they rely on the legal rights of the Navajo Nation.

Only the Navajo Nation and, in certain instances, its officers may assert the defense of immunity from suit. Sovereign immunity is the doctrine which prohibits suits against a sovereign *government* without the sovereign's consent. The Navajo Sovereign Immunity Act codifies the immune status of the Navajo Nation. 1 N.N.C. §§ 551-555 (1995). The Act explains that immunity "is an inherent attribute of the Navajo Nation as a *sovereign* nation...." (emphasis added). 1 N.N.C. § 553.B. (1995). The Act also explains the purpose of sovereign immunity as follows:

> The purpose and intent of the Navajo Sovereign Immunity Act is to balance the interest of the individual parties in obtaining the benefits and just redress to which they are entitled under the law ... while at the same time protecting

the legitimate public interest in securing the purpose and benefits of their public funds and assets, and the ability of their government to function without undue interference in furtherance of the general welfare and the greatest good of all people.

1 N.N.C. § 554.A. (1995).

The language of the Act clearly indicates that sovereign immunity is exclusively a governmental characteristic and is advanced for exclusively governmental purposes. Decisional law supports this finding, as well. *See, e.g.*, *Raymond v. Navajo Agric. Prods. Indus.*, 7 Nav. R. 142, 143 (1995) ("[t]his immunity from suit is an inherent attribute of Navajo sovereignty"); *Johnson v. Navajo Nation*, 5 Nav. R. 192, 194 (1987) ("[t]he power to raise a defense of sovereign immunity ... is still within the inherent sovereign powers of the Navajo Nation"); *Halona v. MacDonald*, 1 Nav. R. 189, 202 (1978) (sovereign immunity "preserves the dignity of the sovereign"). As such, the defense of sovereign immunity is reserved for governments and government entities.

We hold that private individuals, such as the Petitioners, may not raise sovereign immunity as a defense against suits. Accordingly, both petitions are denied.